Presiding: Judge Sharon Johnson Coleman
Magistrate Judge: Maria Valdez
Filed Date:1/8/2021
Case No:1:21-cv-00135
Clerk's Initials:nsf

Case 1:20-cv-02222-CM   Document 41   Filed 01/12/21   Page 1 of 3

Case MDL No. 2967   Document 50   Filed 12/15/20   Page 1 of 3

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CLEARVIEW AI, INC., CONSUMER PRIVACY LITIGATION | MDL No. 2967 |

### TRANSFER ORDER

**Before the Panel**:[*] Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, and Richard Schwartz (together, the Clearview defendants) move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York. This litigation currently consists of nine actions listed on the attached Schedule A, six in the Southern District of New York and three in the Northern District of Illinois.[1] The Panel also has been notified of one potentially-related action in the Northern District of Illinois.[2] Plaintiffs in five Southern District of New York actions support the motion. Plaintiffs in the remaining actions and potential tag-along action suggest centralization in the Northern District of Illinois. Macy's Retail Holdings, Inc. (Macy's), the sole defendant in the Northern District of Illinois *Carmean* potential tag-along action, opposes inclusion of *Carmean* in centralized proceedings. In reply, the Clearview defendants agree that *Carmean* should not be included in the MDL.

On the basis of the papers filed and hearing session held,[3] we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that the Clearview defendants improperly collected, captured, obtained, distributed, and profited off of citizens' biometric data. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] A tenth action was included in the motion, but the Northern District of Illinois granted plaintiffs' motion for remand to state court. Clearview filed an appeal, which remains pending.

[2] This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of December 3, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2967 (J.P.M.L. Nov. 16, 2020), ECF No. 47.

-2-

parties, their counsel, and the judiciary.

We select the Northern District of Illinois as transferee district.[4] Three actions are pending in this district, and have been proceeding in an organized fashion. The court has consolidated the actions and appointed interim class counsel. Centralization in this district also provides us the opportunity to assign the litigation to a capable jurist who has not yet presided over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois, and, with the consent of that court, assigned to the Honorable Sharon Johnson Coleman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
Karen K. Caldwell
Chair

| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

---

[4] Because the *Carmean* potential tag-along action already is pending in the Northern District of Illinois, we need not determine whether its inclusion in the MDL is appropriate. Rather, requests for assignment of this potential tag-along action to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions. *See* Panel Rule 7.2(a).

1:21-cv-00135

**IN RE: CLEARVIEW AI, INC.,**            MDL No. 2967
**CONSUMER PRIVACY LITIGATION**

## SCHEDULE A

<u>Northern District of Illinois</u>

MUTNICK v. CLEARVIEW AI, INC., ET AL., C.A. No. 1:20-00512
HALL v. CDW GOVERNMENT LLC, ET AL., C.A. No. 1:20-00846
MARRON, ET AL. v. CLEARVIEW AI, INC., ET AL., C.A. No. 1:20-02989

<u>Southern District of New York</u>

CALDERON, ET AL. v. CLEARVIEW AI, INC., ET AL., C.A. No. 1:20-01296  21cv168
BROCCOLINO v. CLEARVIEW AI, INC., C.A. No. 1:20-02222  21cv169
MCPHERSON v. CLEARVIEW AI, INC., ET AL., C.A. No. 1:20-03053  21cv170
BURKE, ET AL. v. CLEARVIEW AI, INC., ET AL., C.A. No. 1:20-03104  21cv171
JOHN, ET AL. v. CLEARVIEW AI, INC., C.A. No. 1:20-03481  21cv173
ROBERSON v. CLEARVIEW AI, INC., C.A. No. 1:20-03705  21cv174